UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:_____

MITCHEL SAVERY,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

### NOTICE OF REMOVAL

Defendant, ROYAL CARIBBEAN CRUISES LTD., ("RCCL"), by and through its undersigned counsel, hereby files this, its Notice of Removal, pursuant to 28 U.S.C. §1441, et seq., and 9 U.S.C. §202, et seq., and respectfully states as follows:

1.    This is an action by MITCHEL SAVERY ("SAVERY"), a seaman from Nicaragua who alleges he suffered an injury during the course of his employment aboard the vessel *Splendour of the Seas*.

2.    At all times material to SAVERY's Complaint, the terms of SAVERY'S employment was governed by a Sign on Employment Agreement ("SOEA") between the vessel operator and SAVERY.

3. The applicable SOEA incorporates a Collective Bargaining Agreement ("CBA") with an arbitration provision.

4. The Arbitration provision within the SOEA, provides, in pertinent part:

> ...All grievances and any other dispute whatsoever, whether in contract, regulatory, tort, or otherwise, including constitutional, statutory, common law, admiralty, intentional tort and equitable claims, relating to or in any way connected with the seafarer's service for the Company, including but not limited to claims for personal injury or death, no matter how described, pleaded, or styled, and whether asserted against the Company, Master, Employer, Ship Owner, vessel or vessel operator, shall be referred to an resolved exclusively by binding arbitration pursuant to the United Nations Conventions on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958), 21 U.S.T. 2517, 300 UN.T.S. ("The Convention").

5. By signing the SOEA with incorporated CBA, SAVERY acknowledged and agreed to be bound by the terms and conditions of the SOEA and CBA.

6. The SOEA and incorporated CBA constitute an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").

7. 9 U.S.C. §205 states:

> Where the subject matter on an action or proceeding pending in a State court relates to an arbitration

CASE NO. _____

agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceedings to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

8. Accordingly this suit is an action over which the United States District Court has original jurisdiction under the provisions of 9 U.S.C. § 202 et. seq., and one that may be removed to federal court under the provisions of 9 U.S.C. § 205, in that it is an action arising under the laws of the United States and relating to an arbitration agreement falling under the Convention.

9. On or about January 2 2013, SAVERY served RCCL with a Complaint in state court in the Eleventh Circuit of Miami-Dade County, Florida, *MITCHEL SAVERY v. ROYAL CARIBBEAN CRUISES LTD.,* CASE NO. 12-49400-CA-20. A copy of the Complaint and all other pleadings, process, and orders in this case are attached hereto as *Exhibit "A,"* pursuant to 28 U.S.C. §1446(a).

10. This suit is an action of which this court has original jurisdiction under the provision of 9 U.S.C. § 202 et. seq., and one that may be removed to this court under the provisions of 9 U.S.C. § 205, in that it is an action arising under the laws of the United States and relating to an

CASE NO. _____

arbitration agreement falling under the Convention. The grounds for removal are as follows:

    a) There has been no trial of the state court action.

    b) SAVERY is a seaman from Nicaragua. Defendant RCCL is a foreign corporation, and the *Splendour of the Seas* is a vessel registered in The Bahamas.

    c) The underlying Sign On Employment Agreement and CBA requires arbitration in countries which are signatory to the Convention.

    d) Because the Agreement is between a foreign corporation and a foreign seaman and because the Agreement provides for arbitration, this dispute falls under the provisions of the Convention. See 9 U.S.C. §202 et. seq.

11. Accordingly, this court has jurisdiction over this action, and this case is removed to the United States District Court, Southern District of Florida pursuant to U.S.C. § 205.

12. RCCL files and presents herewith the sum of $350.00 as required by 28 U.S.C. §1446.

WHEREFORE, Defendant, ROYAL CARIBBEAN CRUISES LTD., moves this court for an order that the action now pending against it in the

CASE NO. _____

Eleventh Judicial Circuit, in and for Miami-Dade County, described above, be removed to this Court and proceed therein.

                                                  Respectfully submitted,

                                                  ROYAL CARIBBEAN CRUISES LTD.
                                                  1050 Caribbean Way
                                                  Miami, Florida 33132
                                                  (305) 539-6000 Tel.
                                                  (305) 539-8101 Fax
                                                  rginsberg@rccl.com

                                                       s/Randy S. Ginsberg
                                      By:_____
                                                   RANDY S. GINSBERG
                                                  Fla. Bar No.:  185485

CASE NO. _____

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Email on February 1, 2013 to: Luis A. Perez, Law Office of Luis A. Perez, 169 East Flagler Street, Suite 721, Miami, Florida 33131, lap@perezlaw.net and William Fabra Esq. William F. Fabra P.A., 169 East Flagler Street, Suite 721, Miami, Florida 33131, wmfabra@aol.com.

I

By:_____
s/Randy S. Ginsberg
RANDY S. GINSBERG
Fla. Bar No.: 185485

CASE NO. _____

# EXHIBIT A

# PLEADINGS, PROCESS AND ORDERS FROM MIAMI-DADE COUNTY CIRCUIT COURT CASE NO: 12-49400-CA-20