CASE NO. _____

# EXHIBIT A

## PLEADINGS, PROCESS AND ORDERS
## FROM
## MIAMI-DADE COUNTY CIRCUIT COURT
## CASE NO: 12-49400-CA-20

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

MITCHEL SAVERY,

     Plaintiff,

vs.

12-49400CA20

ROYAL CARIBBEAN CRUISES, LTD.,     CIVIL ACTION SUMMONS

     Defendant.

_____/

TO:   ROYAL CARIBBEAN CRUISES, LTD.,

     REGISTERED AGENT:

          STEIN, BRADLEY H.
          1050 Caribbean Way
          Miami, FL 33132

*Randy S. Ginsberg 1-2-2013 @ 3:46pm*
*Litigation Attorney*
*Royal Caribbean Cruises Ltd.*

*LEGAL*

A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached Complaint, Interrogatories, Request for Admissions, Request for Production, with the clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, located at:

**DADE COUNTY COURTHOUSE**
**73 West Flagler Street**
Room 138
Miami, Florida 33130

You must also mail or take a copy of your written responses to the "Plaintiff/Plaintiff's Attorney" named below.

| | |
|---|---|
| WILLIAM F. FABRA, Esq. | LUIS A. PEREZ, Esq. |
| WILLIAM F. FABRA, P.A. | LAW OFFICES OF LUIS A. PEREZ, P.A. |
| 169 E. Flagler Street, Ste. 721 | 169 E. Flagler Street, Ste. 721 |
| Miami, FL 33131 | Miami, FL 33131 |

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this Summons and a copy of the Complaint of this lawsuit on the above named Defendant.

**HARVEY RUBIN**
**CLERK OF COURT**    BY: _____
                              Deputy Clerk

DEC 20 2012

Court Seal:     Date:

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, FLORIDA

MITCHEL SAVERY,

    Plaintiff,

GENERAL JURISDICTION DIVISION

CASE NO.

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

_____/

## COMPLAINT

    Plaintiff, MITCHEL SAVERY, files this Complaint against the Defendant, ROYAL

CARIBBEAN CRUISES, LTD., (hereinafter referred to as Royal Caribbean), and alleges:

    1.    This court has subject matter jurisdiction over this action pursuant to Art. V sec. 5(b)

of the Florida Constitution as the Plaintiff's claims are for damages in excess of fifteen thousand

dollars ($15,000.00) exclusive of all attorney's fees, costs and interest, and pursuant to 28 U.S.C.

sec. 1333, the *Savings to Suitors Clause*, as Plaintiff's claims arise under the Jones Act, formerly 46

U.S.C. App. §688 and codified October 6, 2006 as 46 U.S.C. § 30104 and the General Maritime Law

as recognized by the courts of these United States and the courts of the state of Florida.

    2.    At all times material herein the Defendant, Royal Caribbean, was the owner and/or

operator of the vessel: "Splendor of the Seas" and/or was the bareboat Charterer and/or was the

owner *pro hac vice*, thereof, in coastwise, inter-coastal and foreign commerce.  Additionally, the

Defendant was the employer of the Plaintiff at all material times.

    3.    At all times material hereto, Defendant, Royal Caribbean:

    (a)    Operated, conducted, engaged in or carried on a business venture in this state

and/or county or had an office or agency in this state and/or county;

    (b)     Was engaged in substantial activity within this state;

    (c)     Operated vessels in the waters of this state;

    (d)     Registered the vessels under a flag of convenience in a foreign country.  The registration is a sham designed to avoid United States taxes and jurisdiction because the true base of operations of the " Splendor of the Seas" is South Florida.

    4.     Defendant is therefore subject to the jurisdiction of this court.

    5.     The causes of action asserted in this complaint fall under the Jones Act, formerly 46 U.S.C. App. §688 and codified October 6, 2006 as 46 U.S.C. § 30104 and General Maritime Law of the United States.

    6.     At all times material hereto, the Defendant owned, operated, managed, maintained and/or controlled the vessel, the "Splendor of the Seas".

    7.     On or about February, 2010, the Plaintiff was performing his duties as a seaman while aboard the "Splendor of the Seas" was in operation on navigable waters.

    8.     On the above date, the Plaintiff was carrying out his duties as a stateroom attendant on deck (7) seven, when he was cleaning a passengers cabin. At that time, the Plaintiff was pulling a bed out from a sofa bed when all of a sudden the subject sofa bed became stuck and the Plaintiff felt a severe sharp back pain in his low back.

    9.     The Plaintiff immediately reported the accident to his supervisor.  The Plaintiff was seen by the shipboard physician.  The ship's doctor examined the Plaintiff's back and provided him with injection, pain pills and ordered one day rest.  The next day, the Plaintiff reported back to the shipboard physician, and that time the ship's doctor indicated that the Plaintiff was "fit for duty" and

instructed the Plaintiff to return back to his regular duties as a stateroom attendant, despite his complaints of ongoing back pain and discomfort. As a stateroom attendant the Plaintiff was required to work 10-14 hours a day, seven days a week without proper breaks and rests, and was required to engage in prolong standing, walking, lifting and carrying heavy items, constant bending, stooping, pushing and pulling.

10.    The Plaintiff's back condition became worse, he again requested to return to see the shipboard physician, said request was denied.  He went on his own and the ship's nurse instructed him to continue to take pain pills and keep on working.  As a loyal employee, Plaintiff followed the doctor's and supervisor's orders and returned to work. The pain pills only served to masked the underlying medical problem, serving to aggravate his back injury.  Plaintiff was transfers to deck (2) two, where he had to work in similar conditions as described above in paragraph 9 (b)..

11.    The Plaintiff was able to finish his employment contract despite his numerous complaints to his supervisor and shipboard doctor about his back pain and numbness in his legs, the Plaintiff signed off the  vessel on or about March 2010.

12.    On May 20, 2010, the Plaintiff rejoined Defendant's vessel "Enchantment  of the Seas" and he returned to his regular duties as a stateroom attendant despite the Defendant having full knowledge of Plaintiff's accident and back injury.  On or about June 2010, while the Plaintiff was carrying out his assigned duties of cleaning passenger's cabins, and again he was required to work with sofa beds, when he felt severe pain in his low back, when pulling out a bed from a sofa bed.

13.    The Plaintiff was sent to see the shipboard physician, and subsequently sent out for shore side  medical attention.   A MRI and physical therapy was recommended, however, the Defendant ignored the shoreside physician's recommendation and sent the Plaintiff back to his regular

-3-

duties of a statement room attendant despite that the Defendant having knowledge of the Plaintiff's back injuries and medical recommendations.

14.     Instead of signing off the Plaintiff for medical treatment, the Defendant on or about October 23, 2010, transfers the Plaintiff to the "Allure of the Seas." The Defendant then forced the Plaintiff to return to his normal duties of a stateroom attendant despite having full knowledge of the severity of the Plaintiff's back injury. As the Plaintiff continued to carry out his assigned duties, his back injury became worse and he returned to see the shipboard physician.

15.     On or about November 28, 2010, the Plaintiff was signed off the vessel due to his back injuries which he suffered on Defendant's vessels and was sent home for medical attention.

16.     Despite Plaintiff's numerous back complaints and positive MRI test, the Defendant failed and refused to provide the Plaintiff with prompt and adequate medical treatment, and whatever medical treatment was provided by Defendant was sub-standard medical care which led to an aggravation of his back condition. Because the Defendant failed to provide Plaintiff with prompt and adequate medical treatment, Plaintiff was forced to seek medical treatment on his own, and traveled from Nicaragua to Miami-Dade County where he was seen by Dr. Jonathan Hyde, who performed an assortment of diagnostic testing and recommended that the Plaintiff required back surgery. The Plaintiff informed the Defendant of the need for back surgery, and he provided to the defendant all the medical documentation, and requested the reinstatement of his maintenance and cure benefits, including the back surgery. The Defendant ignored and refused to reinstate the Plaintiff's maintenance and cure benefits and refused to provide authorization for said back surgery. The Defendant also failed in their duty to investigate the Plaintiff's complaints of ongoing back pain, request for back

-4-

surgery, despite they having full medical documentation for said back surgery.

17.     The Plaintiff sought out an additional opinion with Dr. Rolando Garcia, who also recommended back surgery.

18.     The Plaintiff has been permanently injured, has not received proper medical treatment, and continues to need medical treatment.

19.     The Defendant wrongfully terminated Plaintiff's maintenance and cure benefits by refusing to provide prompt and adequate medical treatment despite his numerous notifications to the defendant that he is in pain, discomfort, and needs medical treatment, and has incurred medical and other expenses. The Defendant has caused the Plaintiff to suffered additional and unnecessary pain and suffering, and has prolonged the Plaintiff's medical recovery.

<u>COUNT I</u>
<u>JONES ACT NEGLIGENCE</u>

Plaintiff re-adopts and re-alleges paragraph 1-19 and further alleges:

20.     This Count is brought against the Defendant for their breach of the non-delegable duty to provide Plaintiff with a reasonably safe vessel upon which to serve. This duty is imposed upon them as the employer(s) of Plaintiff, a seaman, by the Jones Act, formerly 46 U.S.C. App. §688 and codified October 6, 2006 as 46 U.S.C. § 30104. This duty extended to all areas of the vessel including its equipment, appurtenances, crew, staff and officers, and required the Defendant to equip the vessel with a competent crew and all necessary appurtenances, equipment and machinery to enable the crew, including the Plaintiff, to adequately and safely perform his assigned job.

21.     On or about the above mentioned date, the Plaintiff was injured due to the fault and negligence of Defendant and/or its agents, servants and/or employees, as a direct and proximate result of the Defendant's breach of the foregoing duty.   Further Defendant failed:

-5-

(a)     To promulgate and enforce reasonable methods, procedures, rules and regulations to promote the safety and health of its seamen, including without limitation to the Plaintiff, with regard to the operation of the heavy and defective sofa bed which Plaintiff was required to work with while carrying out his assigned tasks;

(b)     To reasonably inspect the vessel, its equipment and appurtenances, including the area designated by the Defendant where the Plaintiff was assigned to work in order to insure that the subject sofa bed was functioning in a safe manner.

(c)     To provide necessary and/or proper job safety equipment so that Plaintiff could reasonably and safely perform his assigned tasks and duties, to avoid the risk of injury;

(d)     To provide job safety and protective devices for Plaintiff designed for protecting him from dangerous and defective sofa beds which he was required to work with while performing his assigned tasks and duties;

(e)     To have a sufficient number of crew on board the vessel and more particularly in Plaintiff's department to assist the Plaintiff in cleaning and maintaining the passenger cabins, and in particular the subject sofa bed in a safe working conditions;

(f)     Defendant also required the Plaintiff to work such excessive hours and under such strenuous conditions without proper rests and/or breaks that the Plaintiff was rendered unable to appreciate the nature and extent of the hazards and dangers presented by the assigned duties and tasks and too exhausted to avoid injury;

(g)     Failed to provide proper medical care and treatment to Plaintiff which caused an aggravation of his injuries, caused him additional pain and suffering, disability, disfigurement, and prevented and/or prolonged his recovery;

-6-

(h)     Failed to investigate and ascertain the nature and cause of Plaintiff's back injury so as to take measures to prevent its aggravation and/or re-injury;

(i)     Failed to follow sound management practices with the goal of providing Plaintiff a safe place to work;

(j)     Failed to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and equipment;

(k)     Failed to provide adequate training, instruction and supervision to crew members and the Plaintiff;

(l)     Failed to provide prompt, proper and adequate medical care which aggravated Plaintiff's injuries and caused him additional pain and suffering and prolonging his recovery.

(m)     Failed to maintain the subject sofa bed in proper and safe condition, free from defective conditions so that Plaintiff can carry out his assigned duties:

(n)     Failed to maintain the area where plaintiff was injured in a safe condition.

(o)     Failed to place proper warning devices to warn crewmembers and specially the Plaintiff of the dangerous and hazardous and defective conditions of the subject sofa bed where Plaintiff was caused to be injured.

22.     Specifically, on or about February 2010 and June 2010, while Plaintiff was carrying out his assigned duties in a passenger's cabin, he was injured as he was pulling out a bed from a defective sofa bed, without the above noted assistance, supervision, training, equipment, and safety procedures in maintaining the subject sofa bed in an operational and safe condition.  The Defendant maintained the area, including the subject sofa bed where Plaintiff was injured in a dangerous and hazardous condition, which caused the Plaintiff to become injured.

-7-

23.     As a direct and proximate result of the Defendant's breach of the foregoing duty and negligence, Plaintiff was injured in and about his body and extremities, without limitation his back, suffered physical pain, emotional distress, mental duress, loss of enjoyment of life, and incurred the expenses of hospitalization, medical and nursing care for his injuries, and aggravation of any previously existing conditions therefrom. Plaintiff has also lost wages and his ability to earn wages in the future has been impaired. All of these damages and injuries are permanent and continuing in nature and the Plaintiff will suffer them into the future. Plaintiff's injuries were foreseeable upon the Defendant's breach of the foregoing duty and in fact they were the direct and proximate result of the Defendant's breach of the foregoing duty.

WHEREFORE, PLAINTIFF demands judgement for all damages allowed by law, with costs and interest and any and all other relief this Honorable Court deems appropriate.

<u>COUNT II</u>
<u>UNSEAWORTHINESS</u>

Plaintiff re-adopts and re-alleges paragraphs 1 through 23 above and alleges:

24.     The Defendant as the owner(s) and/or operator(s) of the vessel upon which Plaintiff served as a seaman, owed the Plaintiff the non-delegable duty to provide him with a safe and seaworthy vessel upon which to serve. This duty extended to all areas of the vessel, its equipment, appurtenances, crew and officers, including the area where Plaintiff was injured.

25.     On or about February, 2010 and June 2010, on dates known to the Defendant, Plaintiff was injured when he was pulling out a bed from a defective sofa bed as he was carrying out his assigned duties in the ship's passenger cabin, he severely injured is back as a direct and proximate result of the Defendant's breach of the foregoing duty. Defendant breached such duty and thereby

failed to provide a safe and seaworthy vessel for Plaintiff to serve upon, by among other acts and failures to act; requiring the Plaintiff to carry out such duties when required to work on dangerous, hazardous and defective sofa bed without adequate assistance, supervision and rest; failing to provide Plaintiff with necessary safety equipment, proper supervision and direction, sufficient work breaks and without being trained to carry out the tasks in a reasonably safe manner.  Moreover, Defendant failed to establish rules and regulations that would allow for a safe and seaworthy vessel as to maintain the subject sofa bed free from being defective and to work in a safe operational manner so Plaintiff could avoid injury.  Further Defendant failed to:

(a)     The vessel was unsafe and unfit due to the conditions created by the Defendant's conduct as stated; allowing the subject sofa bed to break down and not taking measures to repair said sofa bed to make sure it was operating safely.

(b)     Defendant failed to promulgate and enforce rules and regulations to provide a safe and seaworthy vessel and promote the safety and health of its seaman, including without limitation the Plaintiff, with regard to the safekeeping and maintenance of the subject sofa bed where Plaintiff was required to carry out his assigned tasks;

(c)     Failed to perform inspections of the vessel, its equipment and appurtenances, including the subject sofa bed where the Plaintiff was required to work and was injured;

(d)     Provide necessary and/or proper equipment so that Plaintiff and the other crew members could perform their assigned tasks and duties in a seaworthy fashion,

(e)     Provide safety and protective devices and equipment for Plaintiff to perform his duties;

(f)     Have sufficient number of crew on board vessel, and more particular in Plaintiff's department to adequately and safely carry out the assigned duties;

(g)     The vessel was not reasonably fit for its intended purpose;

(h)     The vessel's crew was not properly trained, instructed or supervised for the task of safe keeping and maintaining the subject sofa bed in a proper working condition;

(i)     The vessel did not have a fit crew; and

(j)     The Plaintiff was overworked to the point of being exhausted and not physically fit to carry out his duties.

26.     As a direct and proximate result of Defendant's breach of the foregoing duty, Plaintiff was injured in and about his body and extremities, including without limitation his back. Further, Plaintiff suffered physical pain, emotional distress, mental duress, loss of the enjoyment of life, and incurred the expense of hospitalization, medical and nursing care for his injuries. Plaintiff has also lost wages and the ability to earn wages, and suffered all damages that are recoverable by law for the breach of such duty. All of these damages and injuries are permanent and continuing in nature and the Plaintiff will suffer them into the future.

**WHEREFORE, PLAINTIFF** demands judgment for all damages allowed by law, with costs and interest and any and all other relief this honorable Court deems appropriate

## COUNT III
## MAINTENANCE AND CURE

Plaintiff re-adopts and re-alleges paragraphs 1 through 26 and alleges:

27.     The Defendant, as the employer of the Plaintiff, owed him the non-delegable duty to provide him with "maintenance and cure" for any injury or illness occurring while he was in service of the vessel until he reached a point of maximum medical improvement. Maintenance is defined to include room and board, including food and a daily allowance for necessary incidentals and unearned wages until Plaintiff reaches maximum medical improvement.

28.     Plaintiff became injured, as previously described, while in the employment of the Defendant and while working aboard Defendant's vessel.  Despite Plaintiff's multiple requests, for prompt and adequate medical treatment. Defendant refused to fully comply with its obligations to provide maintenance, and proper and adequate cure to Plaintiff.  The precise amount owed for maintenance and cure and/or the exact dates for which such payments are due, are unknown at this time, but will be determined through discovery.

29.     Instead of providing prompt and adequate medical treatment to Plaintiff which the Defendant knew or should have known was necessary, Defendant intentionally delayed the Plaintiff's medical treatment by failing to provide him with prompt and adequate medical; treatment, resulting in the need for additional treatment, and which has prolonged Plaintiff's recovery from his injuries.

30.     Because of Defendant's failure to promptly provide medical cure, Plaintiff's back injury has deteriorated resulting in additional disability, pain and suffering and prolonging any recovery.

31.     Any cure that the Plaintiff did receive was inadequate, resulting in further aggravation of his condition and extreme or additional pain and suffering. The Plaintiff was forced to seek out his own medical treatment and as a result has incurred a substantial amount of expenses.

32.     The Defendant acted in a willful, arbitrary and/or callous manner by ignoring Plaintiff's complaint of back pain and need for medical treatment and maintenance, despite it having knowledge that he needed back surgery from various medical physicians.

33.     The Defendant is in breach of its obligations under the United States maritime law to provide maintenance and cure.

34.     The Plaintiff continues to need medical treatment, and is not at maximum medical improvement.  To the contrary, the failure to provide the Plaintiff with proper and timely cure, the

-11-

delay in treatment and the unsuccessful medical treatment, has resulted in a worsening of Plaintiff's condition for which the Plaintiff has endured additional pain, suffering, disability, scarring and disfigurement.

35.    The Plaintiff needs further treatment for his back as well as other bodily and emotional pain.

36.    As a direct and proximate result of the Defendant's persistent failure to provide maintenance and proper cure, Plaintiff has been injured in and about his body and extremities, suffered pain therefrom, suffered significant scarring, suffered aggravation of pre-existing conditions or injury, incurred medical expenses in the care and treatment of his injuries; suffered physical handicap, sustained the loss of ability to enjoy and lead a normal life, lost wages, tips, and fringe benefits and his ability to work has been impaired. In addition, the Plaintiff has incurred out of pocket expenses as a result of the Defendant's actions. The injuries and conditions stated above are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future and will require continuing medical care and treatment in the future.

37.    The Plaintiff has been forced to hire counsel to pursue his remedies and is obligated to pay attorney's fees and costs.

WHEREFORE, PLAINTIFF demands provision of all past and future maintenance and cure, together with pre and post judgment interest, costs, and attorney's fees, and damages for pain and suffering and scarring and disfigurement against the Defendant and any other relief the court deems appropriate under the circumstances. Plaintiff demands trial by jury on all issues trial-able as a matter of right.

-12-

## COUNT IV
## UNEARNED WAGES

Plaintiff re-adopts and re-alleges paragraphs 1 through 37 and alleges:

38.     The Plaintiff entered into an employment contract with the Defendant for the time periods he was employed as a crew member on Defendant's ship, which encompassed the time periods material hereto.

39.     The Plaintiff signed a written contract covering the voyages upon the ship, but the Plaintiff is not in possession of the signed contract, which are within the exclusive possession of the Defendant.  Alternatively, the contracts were oral and covered the time periods encompassing the described events.

40.     Pursuant to the contract(s) and Maritime Law, if he felt ill or became injured while in the service of the vessels, the Plaintiff would be entitled to unearned wages until at a minimum, the end of the voyage, or the end of the contracts.

41.     The Plaintiff was injured, as alleged above, while in the service of the vessel.

42.     The Defendant failed and refused to pay unearned wages due under the contract and has otherwise breached its contractual and legal obligations to the Plaintiff.  The amount due to the Plaintiff in unearned wages, will be determined through discovery.

43.     The Plaintiff has been forced to hire counsel to pursue his remedies and is obligated to pay attorney's fees and costs.

**WHEREFORE**, the Plaintiff demands unearned wages, attorney fees, interest, costs and any other relief the court deems appropriate under the circumstances.  Plaintiff demands trial by jury on all issues triable as a matter of right.

-13-

## COUNT V
## OVERTIME WAGES

Plaintiff re-adopts and re-alleges paragraphs 1 through 43 and alleges:

44.     The Plaintiff entered into employment contracts with the Defendant for the time periods he was employed as a crew member on Defendant's ships, which encompassed the time periods described.

45.     The Plaintiff signed written contracts covering the voyages upon the ship, but the Plaintiff is not in possession of all the signed contracts, which are within the exclusive possession of the Defendant.  Alternatively, the contracts were oral and covered the time periods described.

46.     Pursuant to these contracts, the Plaintiff was entitled to overtime wages for time worked in excess of ten (10) hours a day.  Plaintiff worked more than ten (10) hours a day, seven (7) days a week, but was only paid for ten (10) hours a day.  The exact amount of such hours will be determined through discovery.

47.     The Defendant failed and refused to pay such overtime wages due to the Plaintiff under the contracts and has otherwise breached its contractual and legal obligations to the Plaintiff. Defendant owes overtime wages to the Plaintiff, which amount will be determined through discovery.

48.     The Plaintiff has been forced to hire counsel to pursue his remedies and is obligated to pay attorney's fees and costs.

**WHEREFORE,** the Plaintiff demands overtime wages, attorney fees, interest, costs and any other relief the court deems appropriate under the circumstances. Plaintiff demands trial by jury on all issues triable as of right.

DATED: December 20, 2012.

**LAW OFFICES OF LUIS A. PEREZ, P.A.**
Attorney for Plaintiff
Alfred I. DuPont Building
169 E. Flagler, Suite 721
Miami, Florida 33131
Tel: (305) 577-0063
Fax: (305) 577-4445

AND

**WILLIAM F. FABRA, P.A.**
Attorney for Plaintiff
Alfred I. DuPont Building
169 E. Flagler Street, Suite 721
Miami, Florida 33131
Tel: (305) 377-3232
Fax: (305) 377-3233

By:_____
William F. Fabra, Esq.
FL Bar No.: 0336350

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

MITCHELL SAVERY,                          CASE NO.  12-49400 CA 20

     Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.

     Defendant.

_____/

## NOTICE OF DESIGNATION OF E-MAIL ADDRESSES

    Defendant, ROYAL CARIBBEAN CRUISES LTD., by and through their undersigned

counsel, files this Notice of Compliance With Florida Rule of Judicial Administration

2.516(b)(1) and Designation of Email Address(es) and designates the following email addresses:

       Primary E-mail address:    rginsberg@rccl.com
       Secondary E-mail address:  martharamos@rccl.com

## CERTIFICATE OF SERVICE

    I **HEREBY CERTIFY** that a true and correct copy of the foregoing Notice was served

via Email and U.S. Mail on the ___27___ day of **January, 2013**, to: Luis A. Perez, Law Office of

Luis A. Perez, 169 East Flagler Street, Suite 721, Miami, Florida 33131, lap@perezlaw.net and

Willliam F. Fabra, William F. Fabra, P.A., 169 E. Flagler Street, Suite 721, Miami Florida 33131

wmfabra@aol.com.

          ROYAL CARIBBEAN CRUISES LTD.
          Attorney for Defendant
          1050 Caribbean Way
          Miami, Florida 33132
          Tel:  (305) 539-6161
          Alt.:  (305) 982-4856
          Fax:  (305) 539-8101
          Email: rginsberg@rccl.com


By:_____
          RANDY S. GINSBERG
          Fla. Bar No.: 185485

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

MITCHELL SAVERY,                              CASE NO.  12-49400 CA 20

      Plaintiff,                              NOTICE OF HEARING
                                                (Motion Calendar)
vs.

ROYAL CARIBBEAN CRUISES LTD.

      Defendant.
_____/

    **PLEASE TAKE NOTICE** that a hearing on Defendant's Motion for Extension of Time to Respond to Complaint, in the above-styled cause, will be heard before the **Honorable Ronald Dresnick**, one of the Judges of the above-styled Court, at the Dade County Courthouse, 73 W. Flagler Street, Room 1307, Miami, Florida on the **6th** day of **February, 2013 @ 9:15 A.M.**, or as soon thereafter as same may be heard.

### GOOD FAITH AFFIDAVIT

    Undersigned counsel certifies that a bona fide effort to agree or to narrow the issues on the Motion noticed has been made with opposing counsel or that, because of time considerations, such effort has not as yet been made but will be made prior to the scheduled hearing.

### CERTIFICATE OF SERVICE

    I **HEREBY CERTIFY** that a true and correct copy of the foregoing Notice was served via Email and U.S. Mail on the _____22_____ day of **January, 2013**, to: Luis A. Perez, Law Office of Luis A. Perez, 169 East Flagler Street, Suite 721, Miami, Florida 33131, lap@perezlaw.net and William F. Fabra, William F. Fabra, P.A., 169 E. Flagler Street, Suite 721, Miami Florida 33131 wmfabra@aol.com.

                        ROYAL CARIBBEAN CRUISES LTD.
                        Attorney for Defendant
                        1050 Caribbean Way
                        Miami, Florida 33132
                        Tel:  (305) 539-6161
                        Alt.:  (305) 982-4856
                        Fax:  (305) 539-8101
                        Email: rginsberg@rccl.com

                By:_____
                        RANDY S. GINSBERG
                        Fla. Bar No.: 185485

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR   MIAMI-DADE   COUNTY,
FLORIDA

MITCHELL SAVERY,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.

_____/

CIRCUIT CIVIL DIVISION

CASE NO. 12-49400-CA-20

## DEFENDANT'S MOTION FOR EXTENSION OF TIME
## TO RESPOND TO COMPLAINT

Defendant, ROYAL CARIBBEAN CRUISES LTD., by and through undersigned counsel, respectfully requests this Court grant an extension of time for Defendant to file respond to Plaintiff's Complaint.

1.    A response to Plaintiff's Complaint is due on January 22, 2013.

2.    Defendant seeks an enlargement of time to respond to the Complaint in order to permit Defendant the opportunity to determine if this matter is arbitration eligible and whether Defendant will remove the matter to federal court.

3.    Defendant may be suffer prejudice by filing a responsive pleading at this point as certain federal court judges have deemed that such action could be construed a waiver to proceed in arbitration.

Mitchell Savery v. Royal Caribbean Cruises Ltd.
Case No. 12-49400-ca-20

4.    Defendant respectfully submits that this request is not for purposes of delay; rather, it is to determine whether that matter is arbitration eligible and whether the Defendant should remove the case to the United States District Court for the Southern District of Florida for the purposes of enforcing any applicable arbitration provision.

WHEREFORE, Defendant, ROYAL CARIBBEAN CRUISES LTD. requests that this Honorable Court grant its Motion for Extension of Time and extend the deadline to respond to Plaintiff's Complaint.

Respectfully submitted,

ROYAL CARIBBEAN CRUISES LTD.
1050 Caribbean Way
Miami, Florida 33132
(305) 539-6000 Tel.
(305) 539-8101 Fax

By:_____

RANDY S. GINSBERG
Fla. Bar No.: 185485

*Mitchell Savery v. Royal Caribbean Cruises Ltd.*
*Case No. 12-49400-ca-20*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Email on January 22, 2013: Luis A. Perez, Law Office of Luis A. Perez, 169 East Flagler Street, Suite 721, Miami, Florida 33131, lap@perezlaw.net and William F. Fabra, William F. Fabra, P.A., 169 E. Flagler Street, Suite721, Miami Florida 33131 wmfabra@aol.com.

RANDY S. GINSBERG
Fla. Bar No.: 185485

3

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR DADE
COUNTY, FLORIDA

MITCHEL SAVERY,                        GENERAL JURISDICTION DIVISION

    Plaintiff,                    CASE NO: 

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

_____/

## PLAINTIFF'S INITIAL NOTICE OF SERVICE OF INTERROGATORIES

The Plaintiff, MITCHEL SAVERY, by and through his undersigned counsel, hereby

requests the Defendant, ROYAL CARIBBEAN CRUISES, LTD., to answer these interrogatories

within the time limits prescribed by the Florida Rules of Civil Procedure to be served along with the

Complaint:

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served to:

ROYAL CARIBBEAN CRUISES, LTD., along with the Complaint.

LAW OFFICES OF LUIS A. PEREZ, P.A.
Luis A. Perez, Esq.
Alfred I. DuPont Building
169 East Flagler Street, Suite 721
Miami, Florida 33131
Telephone: (305) 577-0063
Fax: (305) 577-4445


AND

-1-

WILLIAM F. FABRA, P.A.
Alfred I. DuPont Building
169 East Flagler Street, Suite 721
Miami, FL 33131
Telephone: (305) 377-3232
Fax: (305) 377-3233


By: _____
    William F. Fabra, Esq.
    FL Bar No.: 0336350

## DEFINITIONS

1) As used herein the term **DOCUMENT** includes all records, books account, worksheets, checks, instructions, specifications, manuals, reports, books, periodicals, pamphlets, publications, raw and defined data, memorandums, graphs, drawings, notes, advertisements, lists, studies, meeting minutes, working papers, transcripts, magnetic tapes or disks, punch cards, computer printouts, letters, telegrams, drafts, proposals, recommendations and any and all other data recorded in readable or retrievable form, whether typed, handwritten, reproduced, magnetically recorded, coded, scanned or in any other way made readable or retrievable.

2) As used herein **COMMUNICATION** means any transfer or exchange of information between two or more persons by any means, including but not limited to personal conversations, correspondence, telephone calls, facsimile transmissions and e-mail.

3) **IDENTIFY**, when used in connection with a document, means to state the type of document (e.g., letter, memorandum, drawing, etc.) the subject matter and date thereof, by whom it was written or prepared, by whom it was signed, to whom it was sent, the address of its present location, and the name of its present custodian.  If any documents referred to in these interrogatories was, but not longer is in your possession or subject to your control,  state what disposition was made of the document.

4) **IDENTIFY**, when used in connection with a natural person, means to state the person's full name and home address, the person's present place of business or employment, the person's present position with respect to such business or employment, and the person's present and past relationships, if any, with each of the parties to this lawsuit.

5) **IDENTIFY**, when used in connection with a business entity, means to state the full name and present address of the entity, the principal place of business of the entity, and the nature of the entity's business.

6) **IDENTIFY**, when used in connection with a communication, means to give a brief description of the subject matter of the communication, state the date it took place, state the means of communication, state the place or places where it occurred, identify each participate in the communication, and identify each document it records or otherwise pertains to the communication, and identify each and every other person who was in the presence of either of the parties at the time such communication was made.

7) As used herein **PERSON** includes natural persons, corporations, partnerships, joint ventures, associations, governmental agencies, and every other form of entity recognizable at law.

8) As used herein, **YOU** and **YOUR** refer to ROYAL CARIBBEAN CRUISES, LTD.,

-3-

## Interrogatories

1. Please identify each and every person that participated in answering these interrogatories noting, with particularity, the degree and nature of their participation and relationship with the Defendant.

2. Please identify each and every person who participated in providing, supervising, monitoring, initiating or terminating the maintenance and cure provided to the Plaintiff, noting with particularity the degree and nature of their participation and relationship with the Defendant.

3. Please identify each person, in the employment of any of the Defendant, who participated in the effort(s) to provide Plaintiff with maintenance and cure including without limitation, arranging for Plaintiff's transportation, lodging, medical care, immigration status, unearned wages, daily maintenance and, if applicable, repatriation to home country, noting with particularity the degree and nature of their participation and relationship with the Defendant.

4.    Please identify each and every person who served as Plaintiff's supervisor aboard the "Splendor of the Seas, Enchantment of the Seas, and the Allure of the Seas" during the time period reference in the complaint.

5.    Please identify, and provide the names, last known addresses and telephone numbers or information sufficient for the location of every cabin mate of Plaintiff aboard the "Splendor of the Seas, Enchantment of the Seas, and the Allure of the Seas" during the time period reference described in the Complaint.

6.    Please state the names, last known addresses and telephone numbers or information sufficient for the location of all persons known or reasonably believed by Defendant to have been an eye witness to the incident(s) described in the complaint or to have personal knowledge of any facts relevant to this witness.

7.    State the complete name, last known address, and telephone number of the ship's physician, nurse and/or doctor assistant on the vessels for time Plaintiff was examined or treated on the said vessels.

8.  Please describe in detail all of the Plaintiff's duties and physical job description aboard the "Splendor of the Seas, Enchantment of the Seas, and the Allure of the Seas" during the time period reference in the complaint, including the hours per day, the days per week and the basic outline of those duties within the framework of a typical day, including all breaks. (Providing a written job description will not suffice).

9.  If you assert any defense based on the conduct of the Plaintiff, please state what acts or omissions are the basis thereof; the name and address and the place of employment, job title or capacity, and present whereabouts of each person having knowledge or claiming to have knowledge of such conduct on the part of the Plaintiff; and what acts known by Defendant are the basis for mitigation of Plaintiff's damages.

10. Please describe in detail any requirements you had aboard the "Splendor of the Seas, Enchantment of the Seas, and the Allure of the Seas" for the Plaintiff to utilize any prophylactic devices such as utility boots, back braces, belts, special shoes, gloves, or other protective clothing and/or equipment from during the time of Plaintiff's injury as described in the Complaint.

11.     State separately the names, addresses, employers and telephone numbers of any and all persons know to you or to anyone acting on your behalf who saw, heard or investigated or claims to have seen or heard any of the events or happenings that occurred immediately before, at the time of, or immediately after the incident(s).

12.     As to all persons whose names are set forth in the answer to the preceding interrogatory and the Plaintiff, have you, your agents, investigators or attorneys, or anyone acting on your behalf obtained statements of any kind, whether written, recorded, stenographically transcribed, oral or otherwise, from them?

13.     Do you, your attorneys or investigators or anyone acting on your behalf have any maps, charts, diagrams, photographs or movies of this incident or plaintiff's injuries, or physical or mechanical objects or of persons involved in the incident, if so, please state the name of such person, last known address and telephone number of those persons having possession and/or creating/taking such maps, charts, diagrams, photographs, or movies.

14.     Identify each person whom you or your attorneys except to call as an expert witness at trial, providing his/her name, address and telephone number, and state the subject matter on which each person identified is excepted to testify, state the substance of the facts and opinions to which each expert is expected to testify, state a summary of the grounds for each for each opinion and state the educational background, training, experience of each person which qualified him/her as an expert, and identify the field of expertise.

15.     Do you know of any claim for personal injuries made by the Plaintiff prior to this suit, whether formal or informal, and if so, state for each the full particulars, including date, nature of injuries claimed and final disposition of the claim.

16.     Identify each and every report or statement made by you regarding the facts of this incident or events leading up to it.  As to each include; its date; the type of the report, or statement, whether written, oral, recorded, reported or otherwise; to whom it was made; the name, address and employer of the custodian of any permanent form of each statement.

17.      Please state whether Defendant or anyone else to Defendant's knowledge claims to have heard the Plaintiff or anyone purporting to have personal knowledge of the facts having made an oral statement (excluding depositions, if any, in this cause) concerning any facts pertaining to the happening of this incident or the extent of Plaintiff's damages. If so, state, by whom was such oral statement made; when it was made; to whom was it made; and what was reportedly said.

18.      State the full name and present address of each owner and operator of the vessel(s), with respect to the incident alleged in the Complaint.

19.      State in full detail the manner in which you assert that the incident(s) referred to in the Complaint occurred.

20.   As of the date(s) of the incident(s) alleged in the Complaint, please state what was the Plaintiff's base rate of pay, fringe benefits and overtime rate aboard the vessel(s)?

21.   As of the date(s) of the incident(s) alleged in the Complaint, please state the cost per day, per seamen, for food on the vessel(s) where Plaintiff worked, during the time reference in the complaint.

22.   Please state whether or not the Plaintiff was entitled to the fringe benefits incidental to his employment with the Defendant, including, but not limited to, free medical and hospital care, free room, free shelter, vacation time, vacation pay, work clothes, work shoes, and contribution to pension or profit sharing plan, if so, please state what fringe benefits was the Plaintiff entitled to.

23.   Please state the date when Plaintiff was declared by a physician to have reached his maximum possible cure and identify by date, and author the basis for this date, i.e. medical report, deposition, etc.

24.   Please state the daily amount that you paid to Plaintiff or on Plaintiff's behalf for maintenance, along with the dates of payment and breakdown as to how you arrived at the daily amount.

25.   Please state the date of Plaintiff's contract, the length, rate of pay, job title and whether or not Plaintiff has been paid any unearned wages; and if so, the date and amount of each payment along with the method used to calculate each payment.

26.     Have any deductions been made from Plaintiff's earned wages and if so, please describe each deduction by date, amount, and purpose.

27.     Please identify what department aboard the vessel and each and every person, last known address and phone number, who participated in the inspection, supervising, monitoring, maintaining and the subject sofa bed on the "Splendor of the Seas" in a safe and operational condition, noting with particularity the degree and nature of their participation.

_____
(Signature of Answering Party)


STATE OF FLORIDA )
                 ) SS:
COUNTY OF        )

     Before me this day appeared _____, personally known to me or who has produced

_____ as identification, and being first duly sworn, deposes and says that he/she executed the

foregoing Interrogatories, and he/she acknowledges that he/she executed same freely and voluntarily

as his/her own act and deed.


IN WITNESS WHEREOF, I have hereunto set my hand and seal at _____County,
Florida  this _____ day of _____, 20__.


_____
Signature of Notary Public-State of Florida


_____
Notary Public Printed Name


_____
My Commission Expires

{   } Personally known to me, or
{   } Produced identification:_____

Type of identification

-13-

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR DADE
COUNTY, FLORIDA

MITCHEL SAVERY,

GENERAL JURISDICTION DIVISION

     Plaintiff,

CASE NO:

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

     Defendant.

_____/

## PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION

The Plaintiff, MITCHEL SAVERY, by and through his undersigned counsel, hereby

requests the Defendant, ROYAL CARIBBEAN CRUISES, LTD., to respond to this Request for

Production within the time limits prescribed by the Florida Rules of Civil Procedure to be served

along with the Complaint.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served to:

ROYAL CARIBBEAN CRUISES, LTD., along with the Complaint.

               **LAW OFFICES OF LUIS A. PEREZ, P.A.**
               Luis A. Perez, Esq.
               FL Bar No.: 0936870
               Alfred I. DuPont Building
               169 East Flagler Street, Suite 721
               Miami, Florida  33131
               Telephone (305) 577-0063
               Telefax (305) 577-4445

               AND

-1-

**WILLIAM F. FABRA, P.A.**
Attorney for Plaintiff
Alfred I. DuPont Building
169 East Flagler Street,  Suite 721
Miami, FL 33131
Telephone: (305) 377-3232
Fax: (305) 377-3233

By: _____
     William F. Fabra, Esq.
     FL Bar No.: 0336350

## DEFINITIONS

As used herein the term DOCUMENT/RECORD includes all books, accounts, worksheets, checks, instructions, specifications, manuals, ship's logs, reports, books, periodicals, pamphlets, publications, raw and defined data, memorandums, graphs, drawings, notes, advertisements, lists, studies, meeting minutes, working papers, transcripts, magnetic tapes or disks, punch cards, computer printouts, letters, telegrams, drafts, proposals, recommendations and any and all other data recorded in readable or retrievable form, whether typed, handwritten, reproduced, magnetically recorded, coded, scanned or in any other way made readable or retrievable.

1. All payroll records for Plaintiff.

2. Complete personnel file for Plaintiff.

3. All contracts or agreements with the plaintiff for service on defendant's ship(s), and/or contract of employment between plaintiff and defendant.

4. All records pertaining to the accidents/illness alleged in the complaint, including medical and hospital records.

5. Any and all photographs, diagrams, drawings, and graphs reflecting the area of Plaintiff's accident/injuries and work stations, including the subject sofa bed.

6. Copies of all checks and papers reflecting payment to Plaintiff of money by Defendant.

7. Copies of all checks and records reflecting payments by Defendants on behalf of Plaintiff for medical care, treatment and examinations.

8. Copies of all checks and records reflecting payments by Defendants of maintenance and cure, and unearned wages for Plaintiff since he signed off the vessel to present.

9. Copies of any and all guarantee documents or letters guaranteeing the payment of Plaintiff's medical care and treatment.

10. The vessel or permit entry for the purposes of measuring, surveying and photographing.

11. Any and all reports pertaining to the incident sued upon.

12. Any and all statements of any form given by Plaintiff.

13. Any and all statements of any form given by any witness or any other person who may have knowledge of relevant facts, including such persons identified in answers to Interrogatories propounded herein.

14. Any and all employment records for Plaintiff, including all W-2 forms, payroll records, employment applications, pre-employment physicals and any other documents in Plaintiff's personnel file.

15. Any and all biographical documents or records that, in any way, pertain to Plaintiff, including, but not limited to, any autobiographical information, including any type of criminal records.

16. Any and all reports rendered by any person who may be sought to be used as an expert witness herein.

17. Any and all photographs, slides, motion pictures, etc., including any possible surveillance photograph or motion pictures of Plaintiff taken at any time, which may be relevant to any issues in the amended complaint and subsequent proceedings.

18. Charter Agreement pertaining to the vessel at the time of the accident/injury alleged in the complaint.

19. All written documents, reports, records, or charts received, kept by, or originating from the vessel, or the Defendants or its agents concerning any aspect of the Plaintiff or the accident/injury.

20. Any and all correspondence sent by or to the Defendant(s) or any agent of the Defendant(s) or the vessel concerning the occurrence of the accident.

21. All reports, documents, or other correspondence received by the Defendant(s) or any of its agents in the ordinary course of business concerning the Plaintiff and the accident/injury which references the medical treatment provided to the Plaintiff.

22. Copy of any and all statements made by the Plaintiff and/or any and all statements that you have in your possession and/or control from other persons.

23. Complete copy of the crew list on the "Splendor of the Seas, Enchantment of the Seas, and the Allure of the Seas" during the time period reference in the complaint.

24. All documents which were transmitted within the Defendant or to third parties, including all health care providers, doctors, nurses, therapists and/or other individual or entity which include any reference to the Plaintiff, his health, the medical care provided to him, the cost of the medical care provided to him, and his return to his home country; whether such documents were generated by or received by the Defendant.

25.   All documents that relate to the medical care provided to the Plaintiff, including without limitations.

A.   All shipboard medical records.

B.   All documents prepared by the ships' physician(s).

C.   All documents prepared by the ships' nurse(s).

D.   All documents prepared by any assistant or other infirmary personnel.

E.   All documents related to any and all examinations.

F.   All documents related to lab tests performed on Plaintiff including all lab reports.

G.   All documents related to radiological studies including, x-rays and x-ray reports. MRIs and MRI reports, CAT scans and CAT scan reports and all radiological studies and all reports directed thereto.

H.   All documents related to any and all diagnostic tests and the results thereof.

I.   All documents related to all medicine(s) and drug(s) administered to Plaintiff aboard the vessel.

J.   All documents related to the care given Plaintiff including all nursing notes, progress reports, doctor's notes of the Plaintiff.

K.   All documents provided to shoreside health care providers.

L.   All documents sent to shoreside health care providers.

M.   All documents of the Defendants, its agents, officers, directors, employees, and other representatives received from shoreside health care providers.

N.   All documents prepared by or sent within the Defendants or between the Defendants regarding Plaintiff, regardless of the manner or method of transmittal.

O.   All shipboard medical logs concerning the Plaintiff.

26.   All Shoreside medical records of the Plaintiff including without limitation:

    A.    All documents prepared by shoreside physicians that have treated, examined, or otherwise seen and/or commented upon the Plaintiff including all osteopathic and medical doctors.

    B.    All documents, including all notes, prepared by every nurse who examined, rendered care to or otherwise treated or commented upon the Plaintiff in any matter, or further noted his progress or condition.

    C.    All documents prepared by any assistant or hospital or other healthcare provider or personnel which refer to the Plaintiff.

    D.    All documents related to the examination of Plaintiff, pre-employment during employment and post employment, including all reports of all examinations.

    E.    All documents related to all lab tests of Plaintiff including, without limitation, all lab reports.

    F.    All documents related to any surgery performed on Plaintiff including; all documents regarding informed consent, surgery reports, anesthesia reports, pre-surgery diagnostic reports, admittance documents, discharge documents.

    G.    All documents regarding any and all hospitalization(s) of Plaintiff including all documents from admittance through discharge,

    H.    All x-rays, CAT scans, MRI's and all documents generated as a result of such x-rays, CAT scans and MRI's and all other radiological study reports.

    I.    All documents related to any and all diagnostic test(s) and all such test(s) result(s).

    J.    All documents related to any and all medicines(s), and drug(s) administered to Plaintiff.

    K.    All documents related to any and all therapy(ies) provided to the Plaintiff.

    M.    All documents which were transmitted within the Defendant or to third parties, including all health care providers, doctors, nurses, therapists and/or other individual or entity which include any reference to the Plaintiff, his health, the medical care provided to him, the cost of the medical care provided to him, and his return to his home country; whether such documents were generated by or received by the Defendant.

27.   Complete copy of the maintenance and cure log showing any all payments made to and on behalf of the Plaintiff.

28.   Copies of any all documents, including but not limited to manuals, memo, logs, books describing in full detail the duties of a galley utility on the vessel and in effect at the time of the Plaintiff's injuries as described in the complaint.

29.   Copies of any and all documents indicating that the Plaintiff attended any safety meeting(s), while working aboard Defendant's vessel(s).

30.   Copies of any and all time sheets, showing the dates and hours when Plaintiff was working for the complete time period that Plaintiff work aboard Defendant's vessel(s).

31.   Copies of emails, correspondences, and/or any written communications between the Defendants and their agents, servants, and attorneys concerning the Plaintiff's maintenance cure benefits.

32.   Copies of emails, correspondences, and/or any written communications between the Defendants, their agents, servants, and attorneys and Plaintiff's treating physicians

33.   Copy of the shipboard physician's (who saw the Plaintiff for his injury complaints while on the vessel) curriculum vitae.

34.   Copy of the physician which Defendant selected in Nicaragua to provide the Plaintiff with medical treatment, curriculum vitae.

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR DADE
COUNTY, FLORIDA

MITCHEL SAVERY,                                    GENERAL JURISDICTION DIVISION

     Plaintiff,                                          CASE NO:

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

     Defendant.

_____/



## PLAINTIFF'S INITIAL REQUEST FOR ADMISSIONS

    The Plaintiff, MITCHEL SAVERY, hereby submits a request for admissions pursuant to the Florida Rule of Civil Procedure 1.370, and request that the Defendant(s), ROYAL CARIBBEAN CRUISES, LTD., admit or deny the truth of the following statements or opinions of fact in accordance with Rule 1.370 and as prescribed by the Florida Rules of Civil Procedure to be served along with the Complaint.

1.    The date of the incident alleged in the complaint is correct.

2.    The place of the incident alleged in the complaint is correct.

3.    The name of the Defendant alleged to have owned the vessel involved in the incident alleged in the complaint is correct.

4.    The name of the Defendant alleged to have operated the vessel involved in the incident alleged in the complaint is correct.

5.    The name of the Defendant alleged to have been the employer of the Plaintiff at the time of the incident alleged in the complaint is correct.

6.    The Defendant charged with negligence with respect to the incidents alleged in the complaint was, in fact, negligent at the time.

7.    The vessel charged with unseaworthiness in the complaint, was, in fact, unseaworthy at the time of the incidents alleged in the complaint.

8.    The negligence of the Defendant or unseaworthiness of the vessel was a proximate cause of loss, and/or injury and/or damages to Plaintiff, with respect to the incidents alleged in the complaint.

9.  The subject sofa bed was defective at the time of the Plaintiff's accident as described in the complaint.

10. The Plaintiff suffered personal injury as a result of the incidents alleged in the complaint.

11. At the time of the incidents alleged in the complaint, the Plaintiff was not, in any degree, negligent.

12. As a result of the incident alleged in the complaint, Plaintiff was entitled to receive maintenance and cure from Defendant until he was declared to have reached maximum medical improvement.

13. As of the date Defendant was served with the complaint, Plaintiff had not yet been declared to have reached maximum medical improvement.

14. As of the date Defendant was served with the complaint Plaintiff was unfit for duty, and/or was still in need of additional medical care.

15. Plaintiff had the right to receive and the Defendant had a legal obligation to provide prompt and adequate medical care for the treatment of the injuries sustained by the Plaintiff aboard the Defendant's vessel.

16. Defendant was aware of Plaintiff's back injury while Plaintiff was serving aboard the vessel, "Splendor of the Seas."

17. That it is the responsibility of the Defendant to arrange for shore side medical care when crewmembers are injured or become ill aboard their vessel.

18. That following the Plaintiff's accident, the Defendant did not provide the necessary medical treatment.

19. That following the Plaintiff's first accident, Defendant forced Plaintiff to continue working.

20. Defendant prepared an accident or incident report pertaining to the incident alleged in the complaint at or near the time of the alleged incident.

21. Defendant had photos taken of the scene of the alleged incident, including the subject sofa bed on board the vessel at or near the time of the incident.

22. That prior to service on the ship on which Plaintiff was injured, Plaintiff, appeared to be in good health.

23. That before Plaintiff went to work for Defendant, Plaintiff was given a pre-employment physical examination.

24. That Plaintiff passed such pre-employment physical examination.

2

25. That such pre-employment physical examination disclosed that Plaintiff was in normal health.

26. That Plaintiff first indicated to Defendant that he was suffering back injuries from the incident described in the complaint on or about February, 2010, as described in the complaint.

27. That Plaintiff is currently in need of medical treatment for his back.

28. Admit that at the time and location of the accident as described in the complaint, the subject sofa bed was defective.

29. Admit that the subject sofa bed caused Plaintiff to become injured.

30. Admit that as a result of Plaintiff's accident as described in the complaint, he injured his back.

31. Admit that Plaintiff was a good employee based on his work record with the Defendant.

32. Admit that at the time of the incident described in the complaint, defendant left plaintiff's department aboard the vessel understaffed, requiring the plaintiff to perform duties, tasks and work normally done by at least two (2) or more crew members.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served to:

ROYAL CARIBBEAN CRUISES, LTD., along with the Complaint.

LAW OFFICES OF LUIS A. PEREZ, P.A.
Luis A. Perez, Esq.
Alfred I. DuPont Building
169 East Flagler Street, Suite 721
Miami, Florida 33131
Telephone (305) 577-0063
Telefax (305) 577-4445


And

**WILLIAM F. FABRA P.A.**
Attorney for Plaintiff
Alfred I. DuPont Building
169 East Flagler Street, Suite 721
Miami, Florida 33131
Phone (305) 377-3232
Telefax (305) 377-3233


By: _____
William F. Fabra, Esq.
Fla. Bar No. 0336350